IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-00272- |
| | § | SDJ-AGD |
| ROWDY ROLLER (1) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Rowdy Roller's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 9, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Christopher Rapp.

Defendant was sentenced on June 1, 2022, before The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas after pleading guilty to the offense of Possession of Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of I, was 0 to 6 months. Defendant was subsequently sentenced to 6 months imprisonment followed by a 2-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On July 5, 2022, Defendant completed his period of imprisonment and began service of the supervision term. (Dkt. #49 at p. 1, Sealed).

On December 13, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #46, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u>

Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u> After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and Defendant must report to the probation officer as instructed; (3) <u>Standard Condition</u> Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) <u>Standard Condition</u> If Defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours; and (5) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. (Dkt. #46 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On January 6, 2023, and again on October 6, 2023, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for amphetamine and methamphetamine. Said results for both specimens were confirmed by Alere Toxicology Services for the use of methamphetamine; (2) On October 13, 2022, the U.S. Probation Office instructed Defendant to report to the U.S. Probation Office on October 14, 2022, at 8:00 a.m. to discuss issues regarding his conditions of supervised release. Defendant failed to report as instructed. Additionally, Defendant failed to submit monthly supervision reports for the months of March, April, May, June, July, August, September, October, and November 2023; (3) On July 19, 2023, Defendant informed the U.S. Probation Office of an

address change and was residing at 4822 FM 3364 in Princeton, Texas 75407. Attempts to make contact with Defendant at this location were unsuccessful. On September 7, 2023, Defendant stated he left his previous residence and was now residing with a friend but failed to provide an address of where he is residing. As of the filing of the Petition, Defendant's whereabouts were unknown; (4) On October 27, 2023, the McKinney Police Department initiated a traffic stop in which the driver of the vehicle was identified as Defendant. Police gave Defendant a verbal warning and released Defendant without incident. Defendant failed to notify the U.S. Probation Office within 72 hours of making contact with law enforcement; and (5) On November 16, 2023, Defendant was unsuccessfully discharged from substance abuse treatment services with Fletcher Counseling & Associates, due to missing scheduled therapy sessions and becoming avoidant with his therapist. (Dkt. #46 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 1 in the Petition. Having considered the Petition and the plea of true to allegation 1, the court finds that Defendant did violate his conditions of supervised release. The Government moved to dismiss allegations 2–5 of the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of six (6) months, to run consecutively to the sentence imposed in state case #219-84355-2024 out of the 219th District Court in Collin County, Texas with no term of supervised release to follow.

REPORT AND RECOMMENDATION – Page 3

The court further recommends that the Government's motion to dismiss allegations 2–5 of the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate.

**SIGNED this 7th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE